

WINSTON
&STRAWN
LLP          North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**THOMAS J. QUIGLEY**
Partner
(212) 294-6775
tquigley@winston.com

July 21, 2015

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    *Brown et al. v. Unilever United States, Inc.*, CV-15-3563 (ENV)(RML)

Dear Judge Vitaliano,

      We are counsel to Defendant Unilever United States, Inc. ("Unilever"), in the captioned action. We write to request a pre-motion conference to discuss our anticipated motion to dismiss Plaintiffs' complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

      In this putative nationwide class action, the six individual Plaintiffs assert state consumer protection and common law claims arising out of the labeling and packaging of Unilever's Degree and Dove solid or semi-solid deodorant and antiperspirant products (the "Products"). More particularly, the complaint asserts 13 causes of action based on the consumer protection statutes of New York, California and New Jersey, as well as common law claims of fraud, negligent misrepresentation, express warranty and unjust enrichment. The complaint mirrors a complaint filed by the same Plaintiffs' counsel, and on behalf of one of the same Plaintiffs, Lourdes Rosado, in an action that is pending before Judge Oetken in *Bimont, et al. v. Unilever United States, Inc.*, Case No. 14-cv-07749 (JPO)(AJP). Unilever's motion to dismiss the very similar complaint in that action, which asserts the same theories and involves the same type of products, currently is *sub judice* before Judge Oetken.

      Plaintiffs' claims are based on three legal theories. Plaintiffs first contend that the disclosed net weight on the Products' labels is misleading because a residual amount sticks to the container and therefore not all of the product is "usable." Plaintiffs seek to predicate liability on Unilever's failure to disclose the "usable" or "readily accessible" net weight in addition to or in lieu of the total net weight. Second, Plaintiffs allege that the total net weight disclosed on the Products' labels is misleading because Plaintiffs somehow measured both the "usable" portion and "unusable" portion and arrived at a total net weight slightly less than that disclosed.

      Third, Plaintiffs seek to impose liability on Unilever for selling the Products in packages that are larger than the actual quantity of deodorant or antiperspirant contained inside. Plaintiffs

WINSTON
&STRAWN
LLP

allege that the packages contain "non-functional slack-fill." They claim to have been misled into thinking that the packages contained more than the net quantity disclosed on the labels. Unilever seeks to dismiss the complaint on the following grounds:

All of Plaintiffs' claims should be dismissed under the doctrine of federal preemption. The Food, Drug, and Cosmetic Act ("FDCA") expressly preempts state law claims that seek to impose any requirement on the labeling and packaging of cosmetics and over-the-counter ("OTC") drugs that is "different from or in addition to, or that is otherwise not identical to" the FDCA and its implementing regulations promulgated by the Food and Drug Administration ("FDA"). 21 U.S.C. § 379r & s. The FDA's cosmetic and OTC drug labeling and packaging regulations only require the Products to contain a declaration of net quantity of contents expressed in ounces on the principal display panel. The Products' principal display labels state the quantity of antiperspirant or deodorant contained therein in both ounces and grams. Plaintiffs' claims based on Unilever's failure to disclose the "usable" net weight in addition to the total net weight, which is not required by federal law, are preempted. *See Ebner v. Fresh*, No. SACV 13-00477 JVS, 2013 WL 9760035, at **5-6 (C.D. Cal. Sep. 11, 2013).

Federal regulations also permit minor variations from the net weight disclosed on the Products' labels within specified ranges. *See Kraft Foods N. Am., Inc. v. Rockland Cnty. Dep't of Weights and Measures*, No. 01 Civ. 6980 (WHP), 2003 WL 554796, at *5 (S.D.N.Y. Feb. 26, 2003). The variations in total net weight alleged by Plaintiffs fall within the allowable ranges. Thus, Plaintiffs' total net weight claims, which seek to impose a requirement that the net weight in the container equal the disclosed net weight without any variation, is likewise preempted.

Plaintiffs' slack-fill claims are preempted because the FDA has chosen not to enact regulations for cosmetics and OTC drugs prohibiting non-functional slack-fill, as it did with respect to food products. Applying FDA food regulations to cosmetics and OTC drugs, as Plaintiffs here seek to do, would impose state law requirements that are different from, in addition to or otherwise not identical to the FDA regulatory scheme. *See Del Real, LLC v. Harris*, 966 F. Supp. 2d 1047, 1064 (E.D. Cal. 2013).

Plaintiffs' claims also fail under state law because: (1) reasonable consumers are or should be aware that some residual amount of solid deodorants and antiperspirants will stick to the container and not be "usable" by the consumer; (2) it is not objectively misleading for there to be minor variances in total net weight, as evidenced by the applicable federal standards that allow for such variations; and (3) no reasonable consumer would be deceived by the size of the package as to the actual quantity of the product regardless of alleged slack-fill, since that quantity is clearly displayed on the label in both ounces and grams. *See Verzani v. Costco Wholesale Corp.*, 2010 WL 3911499, at *3 (S.D.N.Y. Sep. 28, 2010), *aff'd*, 432 F. App'x 29, 2011 WL 4359936 (2d Cir. Sep. 20, 2011).

Plaintiffs' fraud and negligent misrepresentation claims fail to meet the heightened pleading requirement of Rule 9(b). The negligent misrepresentation claim is also deficient because Plaintiffs cannot satisfy the privity or special relationship required to sustain that cause of action.


WINSTON
& STRAWN
LLP

July 21, 2015
Page 3

Plaintiffs' statutory consumer protection claims fail for the additional reason that these laws afford a safe harbor barring suit, where a manufacturer complies with applicable laws and regulations. Unilever did just that. It cannot be held liable for not making additional disclosures over and above those required by federal law.

Plaintiffs admit that they now know all of the facts concerning the alleged deception of which they complain. There is no danger that any of these Plaintiffs will be deceived in the future. Because there is no threat of future harm to these Plaintiffs, they lack standing to seek injunctive relief. *See Tomasino v. Estee Lauder Companies, Inc.*, 44 F. Supp. 3d 251, 255-56 (E.D.N.Y. 2014).

Plaintiffs do not allege that they saw, heard, or relied on any of Unilever's advertising or marketing. Plaintiffs, therefore, have not alleged a causal connection between Unilever's advertising and marketing practices and their alleged harms.

The complaint contains three statutory causes of action purportedly on behalf of fictitious John Does who allegedly live in Illinois, Florida and Michigan, respectively. Fed. R. Civ. P. 10(a) requires all of the parties to be named. Plaintiffs cannot assert claims under the consumer protection statutes of these states by using placeholders in the event that counsel someday finds a suitable plaintiff to represent.

Plaintiffs Moore, Valdez and Peery are barred from asserting claims under Cal. Civ. Code § 1750, *et seq*. because they failed to give the pre-suit notice required by that statute.

Plaintiffs' common law claims for breach of express warranty are deficient because the net weight disclosures upon which they are based are mandated by federal law. A federally required disclosure cannot give rise to an express warranty cause of action.

Finally, Plaintiffs' unjust enrichment claim should be dismissed, both because it is duplicative of Plaintiffs' statutory and tort claims and because this equitable remedy is unavailable where, as here, an adequate remedy at law exists.

Respectfully submitted,

Thomas J. Quigley

TJQ:tas
cc:     C.K. Lee, Esq.
        Lee Litigation Group, PLLC